NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| THOMAS EVERETT KNIGHT, | ) No. C 11-01970 JF (PR) |
|---|---|
| Plaintiff, | ) ORDER OF PARTIAL DISMISSAL |
| vs. | ) AND OF SERVICE; DIRECTING ) DEFENDANT TO FILE DISPOSITIVE ) MOTION OR NOTICE REGARDING |
| DEPUTY MOLINA, | ) SUCH MOTION; INSTRUCTIONS TO ) CLERK |
| Defendant. | ) |

Plaintiff, who is currently incarcerated at the Sonoma County Jail, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against law enforcement officers for unconstitutional acts. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

1  any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a
2  claim upon which relief may be granted or seek monetary relief from a defendant who is
3  immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be
4  liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
5  1988).

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
elements: (1) that a right secured by the Constitution or laws of the United States was
violated, and (2) that the alleged violation was committed by a person acting under the
color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.**     **Plaintiff's Claims**

      Plaintiff alleges that on December 3, 2009, Defendant Deputy Sheriff Malino and three other officers entered his residence to conduct a probation search.  (Compl. 3.) Plaintiff alleges Defendants awoke him from his sleep by striking him with a mag light and then grabbing and throwing him to the floor.  (Id.)  Plaintiff claims that Defendants used "unneeded excessive force and injured [him]."  Liberally construed, this excessive force claim is cognizable under § 1983.  See Rutherford v. City of Berkeley, 780 F.2d 1444, 1447 (9th Cir. 1986), overruled on other grounds by Graham v. Connor, 490 U.S. 386 (1989).

**C.**     **Defendant John Does 1-3**

      Plaintiff names as defendants "John Does 1-3" in his complaint.  (Compl. 3.) Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint.  In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds.  See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).

1  Accordingly, Defendant Does 1-3 are DISMISSED from this action.  If through discovery
2  Plaintiff is able to identify the unknown defendants, he may then motion the Court for
3  leave to amend to name the intended defendants and to issue summons upon them.  See
4  Gillespie, 629 F.2d at 642; Barsten v. Dep't of the Interior, 896 F.2d 422, 423-24 (9th Cir.
5  1990).

## CONCLUSION

7  For the reasons stated above, the Court orders as follows:

8  1. Defendant Sheriff Steve Freitas is DISMISSED as a party from this action
9  as Plaintiff makes no allegations against him in the complaint.  Defendant John Does 1-3
10 are DISMISSED without prejudice from this action.

11 2. The Clerk of the Court shall issue summons and the United States Marshal
12 shall serve, without prepayment of fees, a copy of the complaint in this matter, all
13 attachments thereto, and a copy of this order upon **Defendant Deputy Sheriff Malino** at
14 the **Sonoma County Sheriff's Office,** (2796 Ventura Ave., Santa Rosa, CA 95403).  The
15 Clerk shall also mail courtesy copies of the Complaint and this order to the California
16 Attorney General's Office.

17 3. No later than **sixty (60) days** from the date of this order, Defendant shall
18 file a motion for summary judgment or other dispositive motion with respect to the claims
19 in the complaint found to be cognizable above, or, within such time, notify the Court that
20 Defendant is of the opinion that this case cannot be resolved by such a motion.

21 a. If Defendant elects to file a motion to dismiss on the grounds that
22 Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.
23 § 1997e(a), Defendant shall do so in an unenumerated Rule 12(b) motion pursuant to
24 Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v.
25 Terhune, 540 U.S. 810 (2003).

26 b. Any motion for summary judgment shall be supported by adequate
27 factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of
28 Civil Procedure.  **Defendant is advised that summary judgment cannot be granted,**

**nor qualified immunity found, if material facts are in dispute. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

    4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.

    a.    In the event Defendant files an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b.    In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiff:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5.  Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

6.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.  All communications by the Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

8.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

9.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 8/4/11

JEREMY FOGEL
United States District Judge

Order of Partial Dism. and of Svc; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.11\01970Knight_svc.wpd

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

THOMAS E. KNIGHT,

        Plaintiff,

  v.

DEPUTY MOLINA,

        Defendant.

Case Number: CV11-01970 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  8/18/11 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thomas Everett Knight Booking #100472
Sonoma County Jail
2777 Ventura Avenue
Santa Rosa, CA 95403

Dated:  8/18/11

Richard W. Wieking, Clerk
By: Hannah Hwang, Deputy Clerk